UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-11559-RWZ

GREEN MOUNTAIN REALTY CORP.

v.

JOHN S. LEONARD, *et al.*

ORDER

April 9, 2010

ZOBEL, D.J.

Plaintiff Green Mountain Realty Corporation (hereinafter "Green Mountain") challenges a decision of the Town of Milton, Zoning Board of Appeals ("ZBA"), denying Green Mountain's special permit application seeking to construct a 140-foot monopole wireless communication tower in Milton, Massachusetts. Plaintiff sues not only the ZBA but its chairman, John S. Leonard, and all members, as well as the Town.

Green Mountain contends that the ZBA's decision on its application for a special permit violated the Telecommunications Act of 1996 ("TCA"), 47 U.S.C. § 332(c)(7)(B), inter alia, because the decision was not supported by substantial evidence.

Defendants move to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) on the ground that neither the original nor the amended complaint were timely filed. For the reasons discussed below, the motion (Docket # 12) is denied.

I.  **Factual and Procedural Background**

On May 21, 2009, Green Mountain filed an application for a special permit with

the Town of Milton ZBA. On August 19, 2009, after a hearing, the ZBA orally denied the application on the ground that there was no substantial gap in coverage. Plaintiff filed its original complaint (Docket # 1) on September 18, 2009. A few days later, on September 24, 2009, the ZBA issued its written decision. Plaintiff then filed an amended complaint (Docket # 7) on October 28, 2009.

Defendants now move to dismiss plaintiff's amended complaint on the grounds that: (1) the September 18, 2009, original complaint was unripe because no "final action" had been taken by the Milton ZBA; and (2) Counts I, III, and IV of the amended complaint, each challenging the sufficiency of the ZBA's written decision under the TCA, were untimely.

## II.   Legal Analysis

### A.   Timeliness of the Original Complaint

Under the TCA, a party has 30 days from any "final action" of a state or local zoning board to bring suit challenging the action. See 47 U.S.C. § 332(c)(7)(B)(v).[1] Defendants first contend that plaintiff's original complaint was unripe because the ZBA

---

[1] The statute provides, in pertinent part:

> (v) Any person adversely affected by any final action or failure to act by a State or local government or any instrumentality thereof that is inconsistent with this subparagraph may, within 30 days after such action or failure to act, commence an action in any court of competent jurisdiction. The court shall hear and decide such action on an expedited basis. Any person adversely affected by an act or failure to act by a State or local government or any instrumentality thereof that is inconsistent with clause (iv) may petition the Commission for relief.

47 U.S.C. § 332(c)(7)(B)(v).

had not yet issued a written opinion and therefore had not taken "final action." While the TCA does not define the term "final action," courts have held that a state or local government takes a final action when it issues a written decision. See Preferred Sites, LLC v. Troup County, 296 F.3d 1210, 1217 (11th Cir. 2002) ("[p]utting the decision in writing is the last action the authority is statutorily required to take," and it therefore stands to reason that "the issuance of the written decision is logically the final action."). Thus, the original complaint was untimely.

### B.     Timeliness of the Second Complaint

As noted above, plaintiff filed an amended complaint (Docket # 7) on October 28, 2009, noting that the ZBA had issued its written decision and challenging the sufficiency of the written decision under the TCA. Defendants now contend that the counts brought under the TCA (Counts I, III, and IV) are untimely.

Defendants are correct that the amended complaint, filed 34 days after the issuance of the written decision, was four days too late under the TCA. See 47 U.S.C. § 332(c)(7)(B)(v). However, plaintiff contends that the amended complaint is timely under the "relation back" doctrine under Fed. R. Civ. P. 15. In general, under the relation back doctrine, "an amended complaint can be treated, for purposes of the statute of limitations, as having been filed on the date of the original complaint." Pessotti v. Eagle Mfg. Co., 946 F.2d 974, 975 (1st Cir. 1991). If a complaint is amended "after the statute of limitations has run, the amended complaint is not time-barred if it 'relates back' to a timely filed complaint." VKK Corp. v. National Football League, 244 F.3d 114, 128 (2d Cir. 2001).

The instant case presents a wrinkle on that rule in that the original complaint was itself unripe. Defendants contend that there can be no relation back to a complaint that was itself not properly filed. However, they cite no authority for that proposition. Moreover, analogous case law with respect to supplemental pleadings instructs that subsequent pleadings may in fact cure defects (including unripeness) in an initial complaint. See Hertz Corporation v. Enterprise Rent-a-Car Company, 557 F. Supp.2d 185, 191-192 (D. Mass. 2008) (defendants moved to dismiss complaint alleging antitrust violations with respect to patent applications where patent had not issued; court held that supplemental complaint filed two weeks after patent issued cured defect in original unripe complaint); see also United States v. Russell, 241 F.2d 879, 882 (1st Cir. 1957) (reversing district court's grant of motion to dismiss amended complaint where initial complaint seeking foreclosure of a tax lien was unripe and amended complaint cured initial defect).

Under the rule, an amended complaint may "relate back" to an earlier-filed complaint where "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out — or attempted to be set out — in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). Here, defendants contend that the amended complaint raises "new" claims predicated upon a new occurrence, namely, the issuance of the ZBA's written decision. They further argue that while the original complaint alleged the failure of the ZBA to issue a written decision, the amended complaint objected to the substance of the written decision. Nonetheless, plaintiff's amended complaint sets out a claim that arose out of the "conduct, transaction, or

4

occurrence" set forth in the original complaint.  Plaintiff's legal theory was the same: the ZBA's decision failed to comply with the requirements of the TCA, namely, that it be supported by "substantial evidence."[2]

## III.    Conclusion

Defendants' motion to dismiss the amended complaint (Docket # 12) is DENIED.

|   |   |
|---|---|
| April 9, 2010 | /s/Rya W. Zobel |
| DATE | RYA W. ZOBEL |
|  | UNITED STATES DISTRICT JUDGE |

---

[2] Alternatively, plaintiff contends that the amended complaint should be considered a "supplemental pleading" under Fed. R. Civ. P. 15(d), which is not subject to a statute of limitations defense, and which "cured" any ripeness issues in the original complaint.  Here, the amended complaint can arguably be considered a supplemental pleading, as it sets forth a "transaction, occurrence, or event that happened after the date of the [original complaint]," namely, the ZBA's issuance of a written decision.  See Fed. R. Civ. P. 15(d) ("On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense.").  However, because the second complaint contains substantive changes to the claims in addition to simply adding the fact that a written decision had been issued, it is more properly characterized as an amended complaint.